IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GERARD CHANG,

        Plaintiff,

  v.

GREATER BAY BANK, GREATER BAY BANCORP, CHERYL E. HOWELL, KRYSTYNA MARCINIAK, CATHLEEN COLGAN, ERIC LEE and DOES 1 to 50,

        Defendants.
_____/

No. C 07-2437 CW

ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT

    Plaintiff Gerard Chang requests leave to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915(a). The Ninth Circuit has indicated that leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) is properly granted only when the plaintiff has demonstrated poverty and has presented a claim that is not factually or legally frivolous within the definition of § 1915(e)(2)(B).[1] O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.

---

[1] Section 1915(e)(2)(B) states:

    . . . the court shall dismiss the case at any time if the court determines that--

    (B) the action or appeal--
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

1990); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).  Thus, the court "may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Id. (quoting Reece v. Washington, 310 F.2d 139, 140 (9th Cir. 1962); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir.), cert. denied, 382 U.S. 896 (1965)).  An in forma pauperis complaint is frivolous if it has "no arguable basis in fact or law." O'Loughlin, 920 F.2d at 617; Tripati, 821 F.2d at 1379; Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).

    The Supreme Court holds that dismissal prior to service under 28 U.S.C. § 1915(e)(2)(B) is appropriate where no legal interest is implicated, i.e., the claim is premised on a meritless legal theory, or clearly lacking any factual basis.  Neitzke v. Williams, 490 U.S. 319, 324 (1989).  Section 1915(e)(2)(B) accords judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 34 (1992). Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the in forma pauperis statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations.  Id.

    In his complaint, Plaintiff alleges the following.  As of April 16, 2001, Plaintiff was hired by Defendant Greater Bay Bank (GBB) as a Vice President and Trust Officer of its trust company, Greater Bay Trust Company (GBTC).  Plaintiff was offered a base

salary of $85,000.00 plus a twenty percent bonus and stock options. Plaintiff's previous experience is in the administration of employee benefits retirement plans.  GBB hired Plaintiff to be a trust account administrator of employee benefits plans and some individual retirement accounts.  All the named individual Defendants are employees of GBB and GBTC.

Defendant Cheryl E. Howell, an Executive Vice President and Compliance Officer of GBTC, assigned to Plaintiff a large number of personal trust accounts, and charitable and non-profit accounts. These types of accounts are ordinarily handled by a personal trust administrator who typically has several years of relevant work experience and often has a law degree.  Plaintiff did not have the relevant work experience nor a law degree when he was assigned these accounts.

On January 26, 2005, Plaintiff resigned from his job on the ground that he could not perform work that he was unqualified to do.  Defendants wrongfully retaliated against Plaintiff by denying him the right to collect unemployment insurance benefits. Defendants also "robbed" Plaintiff of his bonus payment and stock options to which he was entitled.  Defendants wrongfully did not take any action to allow Plaintiff to return to work.

On December 13, 2005, Plaintiff filed a federal complaint titled <u>Chang v. Greater Bancorp, Howell, Marciniak, Colman, Lee and Does 1 to 50</u>, Case No. C 05-5166 CW (2005 complaint).  On May 12, 2006, the Court entered an order dismissing many of the causes of action in the First Complaint.  On March 19, 2007, the Court entered an order granting summary judgment to Defendants on the

3

remaining causes of action and judgment was entered against Plaintiff.  On April 13, 2007, Plaintiff filed a notice of appeal.  This appeal is still pending in the Ninth Circuit.  On May 10, 2007, Plaintiff moved to relate the two cases and, on May 17, 2007, the Court entered an order relating them.

In December, 2006, during the pendency of the appeal of the judgment on the 2005 complaint, Plaintiff's doctor diagnosed him with bipolar disorder.  Plaintiff communicated this fact to Defendants' attorneys.  On May 1, 2007, Plaintiff filed a discrimination charge under the Americans with Disabilities Act (ADA) with the Equal Employment Opportunity Commission (EEOC).  The EEOC informed Plaintiff that the charge was untimely and that it would take no action on it.  Plaintiff informed Defendants' attorneys that he intended to file a discrimination action in federal court.  Defendants' attorneys told Plaintiff that they would seek to have his complaint dismissed based on untimeliness.  Plaintiff alleges that this claim cannot be dismissed because Defendants had knowledge of Plaintiff's mental breakdown and mental disability and Plaintiff suffered the mental breakdown as a result of the hostile working conditions willfully created by Defendants.

Plaintiff was a plaintiff or defendant in several state court cases involving individuals who are not parties to this lawsuit.  Two state court judgments have been entered against Plaintiff.

Based on these allegations, Plaintiff asserts the following causes of action:  (1) violation of the ADA for wrongful termination; (2) age discrimination based on wrongful termination; (3) violation of the Fair Labor Standards Act because Defendants

4

demanded that Plaintiff perform work he was unqualified to do; (4) violation of the Fair Labor Standards Act based on the hostile work environment created by Defendants; (5) violation of the Fair Labor Standards Act based on non-payment of earnings; (6) violation of civil rights based on wrongful termination; (7) violation of civil rights based on Defendants' wrongfully withholding disability benefits from Plaintiff; (8) violation of civil rights based upon Defendants' denying health benefits to Plaintiff; (9) violation of civil rights based upon Defendants' actions toward Plaintiff arising out of his mental breakdown; (10) violation of civil rights based upon constructive termination; (11) violation of civil rights based upon constructive termination[2]; (12) fraud; (13) extortion, coercion and duress; (14) negligence; (15) intentional infliction of emotional distress; (16) negligent infliction of emotional distress; (17) tortious interference with Plaintiff's life and finances; and (18) negligent interference with Plaintiff's life and finances. Based upon these causes of action Plaintiff requests compensatory damages based on his loss of compensation, general damages for emotional distress and mental anguish and punitive damages in the amount of $10,000,000.

In its order granting Defendants' motion to dismiss in the 2005 case, the Court summarized Plaintiff's allegations as follows:

> On April 16, 2001, Plaintiff was hired by Defendant Greater Bay Bancorp (GBB) as a Vice President and Trust Officer of its Trust Company, Greater Bay Trust Company (GBTC). Plaintiff was offered a base salary of $85,000.00 plus a twenty percent bonus and stock options.

---

[2] The eleventh cause of action appears to be a duplicate of the tenth cause of action.

5

Defendant GBB hired Plaintiff to be the trust account administrator of its employee benefits plans and of some individual retirement accounts. Plaintiff's professional experience is in the administration of employee benefit retirement plans.

In connection with 31 U.S.C. § 5318 (the Patriot Act), GBB and GBTC had to implement and comply with certain stringent procedures. When Defendant Cathleen Colgan, Vice President and Senior Trust Officer responsible for the administration of Personal Trust accounts, resigned from her job, Defendant Cheryl Howell, Executive Vice President of GBB and head of GBTC, assigned Defendant Colgan's trust accounts, charitable accounts and non-profit accounts to Plaintiff. Under Patriot Act regulations, Defendant Howell should have transferred those accounts to people with relevant experience. Plaintiff did not have the experience to administer such accounts, and Defendant Howell failed to provide to Plaintiff any program or tools to handle those accounts. Defendant Eric Lee, Trust Administrative Assistant at GBTC, failed to support Plaintiff in the administration of client accounts as his job required. Defendant Krystyna Marciniak, Vice President of Operations and Compliance Officer of GBTC, failed to act in her capacity as Compliance Officer to prevent this non-compliance with regulations and sound business principles.

On January 26, 2005, Plaintiff resigned from his job with GBTC on grounds that he was being asked to perform acts that contravene banking regulations and the Patriot Act. Defendant GBB later refused Plaintiff's claims for unemployment insurance benefits, and also refused to pay Plaintiff's bonus. Plaintiff filed complaints with the California Unemployment Insurance Appeals Board and the California Labor Commissioner. Both agencies denied Plaintiff's claims.

Based on these allegations, Plaintiff asserts sixteen causes of action alleging breach of fiduciary duty, violation of the Patriot Act, violation of fair labor standards, and violation of civil rights. The first eight counts claim that Defendants breached their fiduciary duty under 12 U.S.C. § 92(a), in their assignment of accounts to Plaintiff without properly training him to handle the accounts. Counts nine and ten claim that Defendant Howell failed to comply with the Patriot Act by assigning Plaintiff to accounts he did not know how to manage . . .

Plaintiff seeks an injunction barring GBB from engaging in actions that contravene the laws of the United States and the public interest, reinstatement to his position

6

1  with seniority and benefits commensurate with his
2  experience, lost wages, punitive damages, legal fees, and other relief the Court deems proper.

3 Order Granting Motion to Dismiss in First Complaint (Doc. # 31).

4    Therefore, except for the allegation that Plaintiff suffered
5 from bipolar disorder, the 2005 complaint and the instant complaint
6 contain the same allegations against the same Defendants.

7                              DISCUSSION
8 I. Doctrine of Res Judicata
9    A. Legal Standard
10    Res judicata, or claim preclusion, prohibits the re-litigation
11 of any claims that were raised or could have been raised in a prior
12 action. Western Radio Servs. Co., Inc. v. Glickman, 123 F.3d 1189,
13 1192 (9th Cir. 1997) (citing Federated Dep't Stores, Inc. v.
14 Moitie, 452 U.S. 394, 398 (1981)). The purpose of the doctrine is
15 to "relieve parties of the cost and vexation of multiple law suits,
16 conserve judicial resources, and, by preventing inconsistent
17 decisions, encourage reliance on adjudication." Marin v. HEW,
18 Health Care Financing Agency, 769 F.2d 590, 594 (9th Cir. 1985)
19 (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). Res judicata
20 operates where there is "1) an identity of claims, 2) a final
21 judgment on the merits, and 3) identity or privity between
22 parties." Western Radio, 123 F.3d at 1192 (citing Blonder-Tongue
23 Lab. v. University of Ill. Found., 402 U.S. 313, 323-324 (1971)).
24 The federal rule on the preclusive effect of a judgment from which
25 an appeal has been taken is that the pendency of an appeal does not
26 suspend the effect of a final judgment for res judicata purposes.
27 Eichman v. Fotomat Corp., 759 F.2d 1434, 1439 (9th Cir. 1985),
28

7

1 <u>superseded on other grounds</u>, 880 F.2d 149 (9th Cir. 1989).

2 Two claims or causes of action are the same, for purposes of
3 the first prong of the <u>res judicata</u> test, if they arise from the
4 same transaction or series of transactions. Two events are part of
5 the same transaction or series of transactions where the claims
6 share a factual foundation such that they could have been tried
7 together. <u>Western Sys., Inc. v. Ulloa</u>, 958 F.2d 864, 871 (9th Cir.
8 1992). "Different theories supporting the same claim for relief
9 must be brought in the initial action." <u>Id</u>. Likewise, all
10 evidence pertinent to a particular claim must be raised in the
11 initial action because "when a court of competent jurisdiction has
12 entered a final judgment on the merits of a cause of action, the
13 parties to the suit and their privies are thereafter bound not only
14 as to every matter which was offered and received to sustain or
15 defeat the claim or demand, but as to any other admissible matter
16 which might have been offered for that purpose." <u>Commissioner of
17 Internal Revenue v. Sunnen</u>, 333 U.S. 591, 597 (1948) (internal
18 quotation marks omitted).

19 B. Application

20 A review of the allegations in the 2005 complaint and the
21 instant complaint reveals that, except for the allegations that
22 Plaintiff suffers from a bipolar disorder, the two complaints have
23 identical allegations against Defendants.

24 Here, the first two prongs for the application of <u>res judicata</u>
25 are easily met because there was a judgment on the merits in the
26 2005 complaint and the parties are the same in both actions.
27 Plaintiff argues that the causes of action in the two complaints

28

8

are different.  However, the causes of action in both complaints arise from the same transactions or series of transactions.  As stated above, two events are part of the same transaction or series of transactions where the claims share a factual foundation such that they could have been tried together.  Therefore, all Plaintiff's causes of action are dismissed based upon the application of the doctrine of res judicata.  This is true of the disability claims based on Plaintiff's bi-polar disorder even though Plaintiff alleges that he was not aware of his mental disorder until December, 2006 and he allegedly did not know about it when he filed his complaint.  Plaintiff alleges that Defendants knew about his mental disorder when he resigned and that, in February, 2005, he was involuntarily placed in a hospital for two days.  Because the 2005 complaint was filed in December, 2005, after he was hospitalized, Plaintiff should have known, just as he alleges Defendants did, that he was suffering from a mental disorder.

Even if the doctrine of res judicata did not apply to Plaintiff's claims based on mental disability, they are deficient for additional reasons, discussed below.

II. Claims Based Upon Bi-Polar Disorder

In the instant complaint, Plaintiff alleges that he was not diagnosed with bipolar disorder until December 11, 2006 (Comp. at ¶ 40) but that Defendants knew that Plaintiff resigned on January 26, 2005 due to a mental breakdown because he resigned due to unusual circumstances "that any reasonable person would consider to be due to a mental breakdown." (Comp. at ¶ 59).  Plaintiff brings

9

two claims premised on the theory that Defendants discriminated against him on the basis of his bipolar disorder: the first cause of action based upon wrongful termination in violation of the ADA and the sixth cause of action based upon wrongful termination in violation of Plaintiff's civil rights.

A. ADA Claim

Title I of the ADA prohibits a "covered entity" from discriminating against a "qualified individual with a disability" on the basis of that individual's disability. 42 U.S.C. § 12112(a). To establish that an employment termination constituted discrimination under Title I, a plaintiff must prove that (1) he or she is disabled; (2) he or she is qualified to perform the essential functions of the job, either with or without accommodation; and (3) he or she was terminated because of his or her disability. Snead v. Metro. Prop. & Cas. Ins. Co., 237 F.3d 1080, 1095-96 (9th Cir. 2001).

Plaintiff's allegations giving rise to his ADA claim based on his termination has several deficiencies. First, Plaintiff alleges that he was not diagnosed with a mental illness until almost two years after his resignation. Yet, he alleges that Defendants knew he had a mental illness. He does not explain how Defendants could have known of his diagnosis many months before his own doctor diagnosed him. If Defendants did not know of Plaintiff's mental illness, they could not have terminated him or taken any other adverse employment action against Plaintiff because of his disability.

Second, Plaintiff alleges that, although he filed a disability

10

discrimination charge with the EEOC, this agency took no action on the charge because it was untimely filed. To bring a claim under Title I of the ADA, a plaintiff must exhaust administrative remedies by filing a formal complaint with the EEOC and filing suit within ninety days of receipt of a right-to-sue letter. Santa Maria v. Pac. Bell, 202 F.3d 1170, 1176 (9th Cir. 2000). Substantial compliance with this requirement is a jurisdictional prerequisite. Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001). Therefore, it does not appear that this claim is exhausted and thus, this Court does not have jurisdiction over it.

Furthermore, under the ADA, there is a 180-day period for an aggrieved party to file a charge with the EEOC. 42 U.S.C. § 12117.[3] Because Plaintiff resigned on January 26, 2005 and filed his ADA charge with the EEOC on May 1, 2007, his charge was untimely. However, because this filing period is treated as a statute of limitations, the same defenses that are available to a statute of limitation violation, including equitable tolling, are available when the claimant fails to file a timely charge with the EEOC. Santa Maria, 202 F.3d at 1176. "[E]quitable tolling focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant." Id. Plaintiff's complaint is deficient because he has not alleged any facts which would support equitable tolling of his ADA claim.

This claim is dismissed with leave to amend for Plaintiff to

---

[3] If the complainant initially institutes proceedings with a state or local agency, the EEOC charge must be filed within 300 days. Santa Maria, 202 F.3d at 1176.

11

correct the noted deficiencies, including the application of <u>res judicata</u>, if he truthfully can do so.

B. Civil Rights Claim Based on Disability Discrimination

Plaintiff generally alleges that his civil rights have been violated by Defendants' discrimination against him based on his disability; he does not specify which constitutional right or rights has been violated. Plaintiff must bring a claim for any constitutional violation under 42 U.S.C. § 1983.

Title 42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." <u>Wilder v. Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990) (<u>quoting</u> 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Ketchum v. Alameda County</u>, 811 F.2d 1243, 1245 (9th Cir. 1987).

Because it appears from the complaint that all Defendants are private actors who did not commit the alleged wrongful acts under color of state law, Plaintiff may not bring against these Defendants any claim that they violated his constitutional rights. Plaintiff also does not specify which of his civil rights have been violated by which Defendant. In order to put Defendants on notice

12

of the causes of action against them, he must specify this information. Therefore, Plaintiff's claim for violation of his civil rights based upon his disability must be dismissed for these reasons as well. If Plaintiff can add truthful allegations that remedy these deficiencies, including the application of <u>res judicata</u>, he has leave to amend this cause of action.

III. Application to Proceed IFP

Plaintiff's application to proceed IFP is deficient. On his application, he indicates he is not employed and that he has no income. He also indicates that he owns a home with an estimated market value of over $1,000,000 and which has a monthly mortgage of $4,459.78. He has assets of one bank account with a balance of $2,200 and stocks with a value of $400. His monthly expenses are $700 for rent and $250 for food. He has two money judgments against him in the amounts of $119,874 and $40,831.

Plaintiff does not adequately explain how he can pay his mortgage and monthly expenses if he is not employed and has no other source of income. Furthermore, Plaintiff does not provide adequate reasons for not being able to pay the filing fee when he has assets in the form of equity in his home and cash in his bank account.

Therefore, Plaintiff's application to proceed <u>in forma pauperis</u> is DENIED. If Plaintiff wishes to file an amended complaint, he must pay the full filing fee.

## CONCLUSION

For the reasons noted above, Plaintiff's causes of action are dismissed on the ground of <u>res judicata</u>. Plaintiff's two causes of

13

action based on his disability are dismissed for other reasons as well.  If Plaintiff chooses to file an amended complaint, he must do so within thirty days of the date of this order.  If Plaintiff does not file an amended complaint within this time period, his complaint will be dismissed for failure to prosecute.  If Plaintiff files an amended complaint, he must pay the full filing fee.

IT IS SO ORDERED.

Dated: 6/7/07



CLAUDIA WILKEN
United States District Judge

14

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CHANG et al,

    Plaintiff,

  v.

GREATER BAY BANK et al,

    Defendant.

Case Number: CV07-02437 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 7, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gerard Chang
1247 Vicente Street
San Francisco, CA 94116

Dated: June 7, 2007

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

15